IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GRENDA RAY HARMER,                )
                                  )
        Plaintiff,                )
                                  )
                                  )
vs.                               )   CASE NO. 3:11-0985
                                  )   JUDGE CAMPBELL/KNOWLES
                                  )
                                  )   JURY DEMAND
                                  )
DON CAUDLE, et al.,               )
                                  )
        Defendants.               )

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendant Don Caudle. Docket No. 63. Defendant has filed a supporting Memorandum of Law. Docket No. 64. Plaintiff has filed a Response to the Motion. Docket No. 88.

In his Amended Complaint, Plaintiff avers that he was an inmate at Turney Center ("TCIX") when, on June 8, 2010, he experienced intense pain in his right knee that was causing him to limp. He was examined by Dr. McGee, who ordered x-rays. Dr. McGee advised him that he had "mildly degenerative arthritis in [his] right knee." Dr. McGee ordered physical therapy to treat Plaintiff's right knee.

On August 5, 2010, Plaintiff was evaluated by a physical therapist, Dave Crumpler. Mr. Crumpler instructed Plaintiff to do several exercises, but those exercises aggravated his right knee. Plaintiff complained to Mr. Crumpler and, according to Plaintiff:

> Mr. Crumpler advised Plaintiff the exercises would at least
> strengthened [*sic*] his right knee for surgery or he could refuse PT.

> Plaintiff responded that he could not refuse PT because if he did he
> would not get his knee fixed.

Docket No. 47, p. 5.

On October 12, 2010, Defendant Caudle became Plaintiff's physical therapist. Plaintiff performed several sets of exercises and complained of pain, particularly when the exercises involved the use of ankle weights. When he complained, Mr. Caudle advised him: "That's normal. Just continue with your exercises. You'll be fine." He states that he requested Mr. Caudle to discontinue using the ankle weights, but Mr. Caudle "refused."

On October 14, 2010, Plaintiff underwent another physical therapy session with Defendant Caudle. Once again, Plaintiff complained that his knee hurt and asked that ankle weights be removed. Mr. Caudle ignored Plaintiff's complaint. Mr. Caudle then "authorized" another inmate to instruct Plaintiff in performing "partial squats." Plaintiff complained that the inmate was not trained to provide physical therapy, but Mr. Caudle informed Plaintiff that he would be "all right because he (Mr. Caudle) would be right there watching." Docket No. 47, p. 7. Plaintiff avers that, while carefully following the other inmate's instructions, he injured himself.

Plaintiff had another physical therapy session on October 19, 2010, completing the same exercises that he had previously done and using ankle weights. He again requested that the ankle weights be discontinued, but Mr. Caudle ignored the complaint and responded, "It's just old age." *Id*., p. 8.

Plaintiff avers that essentially the same situation occurred on October 21, October 26, and October 28.

Plaintiff further avers that Defendant Caudle provided inaccurate and false information in

Plaintiff's medical file. Apparently, Plaintiff claims that Defendant Caudle inserted the medical records of another inmate into Plaintiff's medical file. *Id.*, p. 10. He also complains that Mr. Caudle failed to document the use of ankle weights, erroneously recorded the weights of some of the ankle weights, did not provide detailed information on Plaintiff's exercise regimen, and failed to enter Plaintiff's pain level correctly on several occasions. Docket No. 47, p. 11. Plaintiff states that Defendant Caudle falsely claimed in the records that Plaintiff had tolerated certain sessions with moderate stress, even though Mr. Caudle was aware that Plaintiff was experiencing excruciating pain. He avers that Mr. Caudle also erroneously recorded Plaintiff's stated pain level in order to hide the fact that the weights were damaging Plaintiff's right knee. *Id.*, p. 11-12. Plaintiff underwent further treatment with physicians and ultimately, on March 2, 2011, surgery was performed on his right knee for a torn meniscus.

Plaintiff avers that Defendant Caudle violated his Eighth Amendment rights by allowing another inmate to instruct him in physical therapy and by continuing "to use" ankle weights after Plaintiff told him they were causing pain. Plaintiff further avers that Defendant Caudle committed "medical malpractice," was "negligent," and was "incompetent." Plaintiff sues Defendant Caudle in his individual and official capacities.

Defendant Caudle argues that Plaintiff has not stated an Eighth Amendment violation, that he has not satisfied the notice and certification requirements of the Tennessee Medical Malpractice Act (T.C.A. § 29-26-121(a)(1)), and that he has no claim against Mr. Caudle for negligence under the Tennessee Governmental Tort Liability Act (T.C.A. § 29-20-101 *et seq.*) Defendant Caudle further argues that Plaintiff has no cause of action based upon Defendant's alleged incompetence.

3

As Defendant Caudle correctly argues, prison officials may violate a prisoner's Eighth Amendment rights when they exhibit a "deliberate indifference" to the medical needs of a prisoner that is tantamount to an intent to punish. *Estell v. Gamble,* 429 U.S. 97, 104 (1976); *Danese v. Asman,* 875 F.2d 1239, 1243 (6th Cir. 1989). An Eighth Amendment deliberate indifference claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825 (1994). There must be an objectively substantial risk of serious harm, and the prison official must have had a sufficiently culpable state of mind. *Id*. at 834. The official must have been "subjectively aware of the risk." The *Farmer* Court stated:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also drawn the inference.

*Farmer, supra,* 511 U.S. at 837.

Assuming for purposes of argument that a torn meniscus is a "sufficiently serious medical need," Plaintiff has not established the subjective component of the test. As Defendant Caudle argues, he was simply providing physical therapy in accordance with physician orders. In fact, the first physical therapist, Mr. Crumpler, advised Plaintiff to perform the same four exercises that Defendant Caudle advised him to perform.

Moreover, it appears that Plaintiff voluntarily continued to perform the physical therapy exercises even though he claims to have been in "excruciating pain." Plaintiff states in his Amended Complaint that Mr. Crumpler advised him that he "could refuse PT." Docket No. 47, p. 5. Plaintiff states that he responded "that he could not refuse PT because if he did he would

4

not get his knee fixed." Plaintiff does not explain, however, how he came to that understanding, nor does Plaintiff aver that Mr. Caudle forced him to continue the physical therapy. The Court also notes that Plaintiff's Amended Complaint states that he did refuse physical therapy for his right knee after he had had surgery. *Id.*, p. 17. Thus, Plaintiff was clearly aware that he had the right to refuse physical therapy.

Additionally, the fact that Defendant Caudle allowed another inmate to instruct Plaintiff in certain exercises did not violate the Eighth Amendment. Plaintiff has not alleged that this incident posed a substantial risk of serious harm, nor that Defendant Caudle actually drew an inference that there was a substantial risk of serious harm.

With regard to Plaintiff's medical records, even assuming Plaintiff's records were falsified, he has not shown any damages resulting from the alleged falsification of the records.

With regard to Plaintiff's official capacity claims against Defendant Caudle, Defendant Caudle states in his Response that he was an employee of the Metropolitan Hospital Authority ("MHA"), which is a governmental entity created by the Metropolitan Government of Nashville and Davidson County. *See* http://www.nashville.gov/mc/resolutions/term _ 1995_ 1999/sr99_ 1410.htm, accessed July 23, 2012. A lawsuit against an employee in his official capacity is in reality a suit against this employer. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). MHA, however, cannot be liable to Plaintiff on a respondeat superior theory. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). In order for MHA to be liable under § 1983, Plaintiff would have to show that an "official policy or custom was adopted by official makers of the policy with 'deliberate indifference' toward the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris,* 489 U.S. 378, 387-88

(1989). Plaintiff has not alleged any facts relating to an official policy or custom of MHA that caused him constitutional injury. Therefore, Plaintiff has failed to state a viable claim against Defendant Caudle in his official capacity.

With regard to Plaintiff's claims brought under state law, the Court has supplemental jurisdiction of those claims pursuant to 28 U.S.C. § 1367. That statute provides in relevant part as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .
>
> . . .
>
> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> . . .
>
> (3) The district court has dismissed *all* claims over which it has original jurisdiction. . . .

(Emphasis added).

If Judge Campbell accepts the instant Report and Recommendation, Plaintiff's § 1983 claims against Defendant Caudle will be dismissed. There remain in the case, however, other § 1983 claims against other Defendants. Under these circumstances, this Court cannot decline to exercise supplemental jurisdiction over Plaintiff's claims against Defendant Caudle. As one noted authority has stated:

> Subsection (c)(3) requires that *all* claims over which it has original jurisdiction must have been dismissed before a district court may

> rely on that provision as a basis for dismissing the supplemental claims. This refers to all claims in the case, not just those claims asserted against a particular defendant. If a defendant faces only state claims, the court must exercise its supplemental jurisdiction over those claims as long as claims remain against other defendants for which original jurisdiction is present.

**Moores Federal Practice 3d § 106.66[1],** p. 106-93 (emphasis in original).

Thus, the undersigned will analyze Plaintiff's state law claims against Mr. Caudle.

Plaintiff first claims that Mr. Caudle committed medical malpractice. A plaintiff making a medical malpractice claim, however, must satisfy the notice and certification requirements of the Tennessee Medical Malpractice Act ("TMMA"), T.C.A. § 29-26-115, *et seq.* The TMMA requires in relevant part that a person who asserts a potential claim for medical malpractice must give written notice of the potential claim to each healthcare provider who will be named a defendant at least sixty days before the filing of a Complaint. Plaintiff must also make a certification of good faith, which verifies that a medical expert has reviewed the facts of the case and believes that the plaintiff's claims are not frivolous.

Plaintiff has made no allegation that he has satisfied either of these requirements. Plaintiff, therefore, has failed to state a claim against Defendant Caudle for medical malpractice under state law.

Plaintiff also alleges that Mr. Caudle was negligent. As discussed above, Defendant Caudle's employer, MHA, is a governmental entity. Defendant Caudle was acting within the course and scope of his employment as an employee of MHA when he treated Plaintiff. The Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, *et seq.,* states the general rule that all government entities are immune from suits for any injury that may result from the activities of such entities wherein they are engaged in the exercise and discharge of any of their

7

functions, governmental or proprietary. T.C.A. § 29-20-201(a).

T.C.A. § 29-20-205, with certain exceptions not relevant here, provides that immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment. In other words, the immunity of MHA has been removed, for its employees' negligence, by T.C.A. § 29-20-205.

T.C.A. § 29-20-310(b), however, provides in relevant part:

> No claim may be brought against an employee or judgment entered against an employee for damages for which the immunity of the governmental entity is removed by this chapter unless the claim is one for medical malpractice brought against a healthcare practitioner. . .

Thus, no claim may be brought against Mr. Caudle "unless the claim is one for medical malpractice brought against a healthcare practitioner . . . ." T.C.A. § 29-20-310(b). Plaintiff's negligence claim against Mr. Caudle is not a claim for medical malpractice brought against a healthcare practitioner. Thus, Mr. Caudle is immune from suit under T.C.A. § 29-20-310(b).

Finally, the Court agrees with Mr. Caudle that Plaintiff has no cause of action against him for "incompetence."

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Caudle with regard to § 1983, individual and official capacity claims, claims for medical malpractice, claims for negligence, and claims for incompetence. Thus, the instant Motion (Docket No. 63) should be GRANTED, and Plaintiff's claims against Defendant Caudle should be DISMISSED WITH PREJUDICE.[1]

---

[1] A dismissal for failure to state a claim upon which relief can be granted is a dismissal on the merits. *See Federated Dept. Stores, Inc., v. Moitie,* 452 U.S. 394, 399 n.3. (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514, 522 (6th Cir. 2004).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge