IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GRENDA HARMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:11-0985 |
| v. ) | Judge Campbell / Knowles |
| ) | |
| DON CAUDLE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

Pending before the Court is a Motion for Summary Judgment filed by Dr. Melvin Butler and Dr. Larry McNeil, the only remaining Defendants in this action.[1] Docket No. 110. Along with that Motion, Defendants have contemporaneously filed a supporting Memorandum of Law (Docket No. 111), their Declarations (Docket Nos. 112, 113), and a Statement of Undisputed Material Facts (Docket No. 114).

Plaintiff filed a sworn and verified Response to the instant Motion on October 31, 2012. Docket No. 150. On November 27, 2012, Plaintiff filed a response to Defendants' Statement of Undisputed Material Facts, and contemporaneously filed his own Statement of Undisputed Facts. Docket Nos. 153, 156.

Defendants have filed a Reply to Plaintiff's Response. Docket No. 151. With regard to Plaintiff's Statement of Undisputed Facts, Defendants have not actually responded to Plaintiff's

---

[1] By an Order entered August 27, 2012, all other original Defendants have been terminated as parties in this action. Docket No. 131.

1

Statement of Undisputed Material Facts, but have filed a "Motion to Strike Plaintiff's Statement of Undisputed Material Facts." Docket No. 157.

Plaintiff has filed a "Cross-Reply to Defendants' Reply." Docket No. 154.

Plaintiff, a prisoner of the State of Tennessee, filed this pro se, in forma pauperis, action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth and Fourteenth Amendment rights, along with the pendent State law claims of negligence and medical malpractice. Docket No. 1. Plaintiff contends, *inter alia*, that: (1) he signed up for sick call because of pain in his right knee; (2) he received x-rays of both knees; (3) he was prescribed physical therapy and exercises; (4) his limp and the pain in his knee increased with physical therapy and the performance of his prescribed exercises; (5) Dr. Campbell wanted to order Plaintiff an MRI, but Defendant Butler overrode that order; (6) he began experiencing hip pain as a result of his worsening limp; (7) his knee became visibly swollen and increasingly painful; (8) he ultimately underwent an MRI of his knee and x-rays of his hip; (9) he underwent knee surgery; (10) Dr. Baker gave him a list of restrictions, one of which was that he could not be transferred out of the Special Needs facility before he completed his physical therapy; (11) Dr. McNeil ordered his transfer out of the Special Needs facility before he completed his physical therapy; (12) his early transfer caused injury to him, resulting in his confinement to the infirmary and ultimately resulting in his needing to have surgery on his hip; and (13) Defendants caused unnecessary delays in his treatment. *Id.* In essence, Plaintiff argues that Defendants were deliberately indifferent to his serious medical needs. *Id.* Plaintiff seeks "monetary damages and injunctive relief." *Id.*

Defendants filed the instant Motion and supporting materials on June 5, 2012. Docket

Nos. 110-14. Defendants argue that they are entitled to Summary Judgment because: (1) Plaintiff cannot demonstrate that Defendant McNeil ordered his return to TCIX before he was seen by the surgeon, because the medical records establish that the surgeon saw Plaintiff before he was released; (2) Plaintiff cannot establish the elements to prevail on his Eighth Amendment claims because the record shows that Defendant McNeil did not delay Plaintiff's physical therapy; (3) Because Defendant McNeil does not have the necessary supervisory authority over the physical therapists, Defendant McNeil cannot be held liable under §1983 for a failure to supervise; (4) Plaintiff's claims against Defendant Butler "are nothing more than differences of opinion between the physician and the patient," which are insufficient to state an Eighth Amendment claim against him; (5) Because the record demonstrates that Defendant Butler did not delay Plaintiff's surgery, Plaintiff's conclusory allegations to the contrary fail to state a claim against him; (6) Plaintiff's claims that he should have received physical therapy and not an MRI are barred by the one-year statute of limitations; and (7) Plaintiff's State law medical malpractice claims should be dismissed because Plaintiff failed to comply with the statutory prerequisites of pre-suit notice and filing the certificate of good faith. *Id.*

As an initial matter, in Plaintiff's "Sworn Response,"[2] Plaintiff concedes that he failed to satisfy the prerequisites for filing a medical malpractice claim and "agrees dismissal of his medical malpractice claims is appropriate." Docket No. 150, p. 1. With regard to Plaintiff's claims against Defendant McNeil, Plaintiff argues that the undisputed facts demonstrate that Defendant McNeil "improperly" medically cleared Plaintiff for transfer prior to his being able to walk, and prior to his undergoing physical therapy ("PT"). *Id.*, p. 2, 3. Plaintiff contends that

---

[2]Plaintiff's "Sworn Response" properly cites to the record and to the law.

there are at least 19 genuine issues of material fact concerning Defendant McNeil that preclude summary judgment and that are appropriate for a jury to resolve. *See id.*, p. 3, 5, 12. Specifically, Plaintiff contends that the following are genuine issues of material fact precluding summary judgment for Defendant McNeil:

1. Dr. McNeil medically cleared Plaintiff at 7:20 a.m. before his post-surgical visit with Dr. Baker on March 17, 2011.

2. Dr. McNeil medically clearing Plaintiff on March 17, 2011 was the reason he transferred back to TCIX on March 18, 2011.

3. Dr. McNeil failed to review Plaintiff's medical records after his visit with Dr. Baker on March 17, 2011.

4. Dr. McNeil medically clearing Plaintiff on March 17, 2011 conflicted with Dr. Baker's orders or instructions.

5. Dr. McNeil medically clearing Plaintiff on March 17, 2011 was the proximate and/or direct cause of him being injured on March 18, 2011 and March 24, 2011.

6. Dr. McNeil medically clearing Plaintiff on March 17, 2011 constitutes deliberate indifference under the Eighth Amendment.

7. Dr. McNeil medically clearing Plaintiff on March 17, 2011 constitutes negligence.

8. Dr. McNeil medically clearing Plaintiff on March17, 2011 inflicted unnecessary injury, pain, and suffering on him.

9. Dr. McNeil medically clearing Plaintiff on March 17, 2011 violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment.

10. Dr. Baker wanted Plaintiff to receive PT before his April 21, 2011 visit with Dr.

4

Baker.

11. Dr. McNeil was aware of Dr. Baker's orders, instructions, and advice to keep Plaintiff at DSNF until after he received PT for his right knee.

12. Dr. McNeil's March 17, 2011 action of medically clearing him delayed his PT beyond the date when it was supposed to be completed.

13. Dr. McNeil's actions and inaction on March 17, 2011 were the approximate and/or direct cause of Plaintiff's knee not properly healing.

14. Dr. McNeil's actions and inaction on March 17, 2011 were the approximate and/or direct cause of Dr. Baker urging Plaintiff to forego PT to be medically cleared for immediate right hip surgery.

15. The normal procedure for urgent off-site requests is for Dr. McNeil to do another urgent request for PT keeping Plaintiff at DSNF until PT had been completed.

16. Dr. McNeil's March 17, 2011 action and inaction constitute deliberate indifference.

17. Dr. McNeil's action and/or inaction on March 17, 2011 constitute negligence.

18. Dr. McNeil's action and/or inaction on March 17, 2011 inflicted unnecessary pain and suffering on Plaintiff violating the Eighth Amendment.

19. Dr. McNeil completed an urgent consultation request for Plaintiff.

*Id.*, p. 3, 5, 12.

With regard to the issue of whether Defendant McNeil did, or did not, have supervisory authority over the PT department, Plaintiff contends the following are genuine issues of material fact that need to be determined:

1. Dr. McNeil had supervisory authority over the PT department.

5

2. Don Caudle engaged in conduct complained of in Plaintiff's Amended Complaint ¶¶ 23-32 because Dr. McNeil failed to provide adequate supervision over the PT department.

3. Dr. McNeil's failure to provide adequate supervision over the PT department caused Plaintiff unnecessary injury, pain, and suffering.

4. Dr. McNeil refused to provide medical treatment when Plaintiff requested Dr. McNeil to examine his right knee.

5. Dr. McNeil's failure to provide adequate supervision over the PT department constitutes deliberate indifference in violation of the Eighth Amendment.

6. Dr. McNeil's exact position and responsibilities at DSNF in regard to the PT department.

7. Dr. McNeil's failure to provide supervision over the PT department constitutes negligence.

*Id.*, p. 6.

Regarding Plaintiff's claims against Defendant Butler, Plaintiff contends that the following are genuine issues of material fact concerning Defendant Butler that need to be determined and that preclude summary judgment:

1. Dr. Butler denied Dr. Campbell's initial request for an MRI on Plaintiff's right knee.

2. Dr. Butler did direct Dr. Campbell "to change orders."

3. Dr. Butler's purpose for denying the initial MRI for Plaintiff's right knee was to save Corizon money and increase Corizon's profits.

4. Dr. Butler's actions and/or inactions constitute deliberate indifference.

5. Dr. Butler's actions and/or inactions constitute negligence.

6. Dr. Butler's actions and/or inactions inflicted unnecessary injury, pain, and suffering on Plaintiff in violation of the Eighth Amendment.

7. Dr. Campbell submitted a request for Plaintiff to have an MRI for his right knee on July 2, 2010.

8. Dr. Butler denied Dr. Campbell's July 2, 2010 request for an MRI.

9. Dr. Butler's denying Dr. Campbell's July 2, 2010 request for an MRI delayed Plaintiff's right knee and right hip surgeries.

10. Dr. Campbell submitted a request for Plaintiff to have a consultation with Dr. Limbird on April 28, 2011 regarding Plaintiff's right hip surgery.

11. Dr. Butler changed Dr. Campbell's April 28, 2011, request from Dr. Limbird to Dr. Baker.

12. Dr. Butler's changing Dr. Campbell's April 28, 2011, request from Dr. Limbird to Dr. Baker delayed Plaintiff's right hip surgery.

13. Dr. Butler's changing Dr. Campbell's April 28, 2011, request from Dr. Limbird to Dr. Baker caused Plaintiff unnecessary pain and suffering.

14. Dr. Butler dictates how institutional doctors treat their patients.

15. Dr. Butler overrode Dr. Campbell's initial request for an MRI and ordered Dr. Campbell to submit another request for PT.

16. Dr. Butler referred Plaintiff to the wrong doctor regarding Plaintiff's right hip.

17. On May 2, 2011, Dr. Butler selected Dr. Baker as the physician for Plaintiff to see regarding his right hip.

18. Dr. Butler delayed Plaintiff in seeing Dr. Limbird.

19. Dr. Butler made any decisions regarding physical therapy for Plaintiff versus an MRI. *Id.*, p. 8, 11, 15.

With regard to Defendants' contention that Plaintiff's "claim that he should have received physical therapy and not an MRI are barred by the one-year statute of limitations," Plaintiff contends that his claim is not time-barred because "the tolling of Dr. Butler's July 2010 action commenced in December of 2010" when the "facts reveal" that Plaintiff had "reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id.*, p. 9-10.

Defendants, in their Reply, contend that Plaintiff failed to respond to their Statement of Undisputed Facts, and that, accordingly, there are no disputed facts in the case at bar. Docket No. 151.[3] In response to Plaintiff's "genuine issues of material fact" precluding summary judgment enumerated above, Defendants' respond either that they do not dispute the "fact," that the "fact" is not material, or that the "fact" is hearsay. *Id.* Accordingly, Defendants contend that no genuine issues of material fact exists and that they remain entitled to a judgment as a matter of law. *Id.* Additionally, with regard to Plaintiff's response that his claim that he should have received physical therapy and not an MRI is timely, Defendants contend that the Sixth

---

[3]Defendants are correct that, at the time they filed their Reply (November 8, 2012), Plaintiff had not yet replied to their Statement of Undisputed Material Facts. Plaintiff filed his response to Defendants' Statement of Undisputed Material Facts, along with his own Statement of Undisputed Material Facts, on November 27, 2012. *See* Docket Nos. 153, 156. Defendants have not objected to the timing of Plaintiff's response to their Statement of Undisputed Material Facts, but did file a Motion to Strike Plaintiff's own Statement of Undisputed Material Facts. *See* Docket No. 157. The undersigned denied Defendants' Motion to Strike Plaintiff's Statement of Undisputed Material Facts on December 4, 2012. Docket No. 159.

Circuit does not apply the continuing-violation doctrine to a prisoner's Eighth Amendment deliberate indifference claim. *Id.*

Plaintiff, in his "Cross-Reply to Defendants' Reply," argues: "defendants must bear responsibility for Plaintiff not filing a separate response to their statement of undisputed material facts, which he would have done, had defendants filed a proper pleading." Docket No. 154, p. 3. Plaintiff contends that Defendants failed to comply with LR 56.01(b) in 3 areas, resulting in Plaintiff's inability to respond separately to their Statement of Undisputed Material Facts. *Id.* Specifically, Plaintiff contends that: (1) Defendants did not submit each fact in a numbered paragraph as required; (2) Defendants failed to insert the word "Response" after each numbered paragraph as required; and (3) Defendants did not leave a blank space after each paragraph as required for Plaintiff's response.[4] *Id.* Plaintiff argues, "While Plaintiff did not file a separate pleading, he maintains he responded to defendants' statement of material facts in his response to defendants' motion for summary judgment citing admissible exhibits and nonhearsay statements." *Id.*, p. 1. Plaintiff essentially contends that, because Defendants' submission was

---

[4]The undersigned notes that Plaintiff is correct in his observation, and that Defendants' Statement of Undisputed Material Facts indeed fails to comply with LR 56.01(b), which states as follows:

> **(b) Concise Statement of Facts.** In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the *Federal Rules of Civil Procedure* shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by specific citation to the record. After each paragraph, the word "response" shall be inserted and a blank space shall be provided reasonably calculated to enable the non-moving party to respond to the assertion that the fact is undisputed.

LR 56.01(b).

not in a form required by the Local Rules that would directly allow his response, his sworn and verified response to their Motion that specifically cited to the record constituted an appropriate response to Defendants' submissions. Plaintiff reiterates his assertions that there are genuine issues of material fact in this case that preclude summary judgment.

As has been noted above, with his Cross-Reply, Plaintiff contemporaneously filed a properly formatted "Sworn Reply to Defendants' Statement of Undisputed Material Facts" and his own properly formatted Statement of Undisputed Material Facts. Docket Nos. 153, 156. Defendants have not responded to Plaintiff's Statement of Undisputed Material Facts, despite acknowledging in their Reply that a failure to respond indicates that the stated facts are not disputed for purposes of summary judgment. *See* Docket No. 151. As has also been noted, instead of properly responding to Plaintiff's Statement of Undisputed Material Facts, Defendants filed a Motion to Strike Plaintiff's Statement of Undisputed Material Facts, arguing that one can only file a Statement of Undisputed Material Facts with a Motion for Summary Judgment, and that because Plaintiff had not filed a Motion for Summary Judgment, he could not file a Statement of Undisputed Material Facts. *See* Docket No. 157.

Defendants' argument is erroneous, and completely overlooks Local Rules 56.01(c),(d), and (g), which state as follows:

> **(c) Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. The response must be made on the document provided by the movant or on another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a

response to each fact set forth by the movant immediately below each fact set forth by the movant. If the movant has not provided sufficient space to enable the non-movant to respond, the non-movant may attach a separate sheet or sheets of paper. Such response shall be filed with the papers in opposition to the motion for summary judgment. In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

**(d) Reply Statement.** If the non-moving party has asserted additional facts, the moving party shall respond to these additional facts by filing a reply statement in the same manner and form as specified in section (b) and (c) above. The reply of the moving party shall be filed within fourteen (14) days of the filing of the response of the non-moving party.

. . .

**(g) Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for purposes of summary judgment.

LR 56.01(c),(d), and (g).

For the reasons to be discussed below, the undersigned recommends that Plaintiff's medical malpractice claims be DISMISSED, and that Defendants' Motion for Summary Judgment be DENIED with regard to the remaining claims.

## II.   Analysis

### A.  Motion for Summary Judgment

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**B. 42 U.S.C. § 1983**

Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## C.  The Case At Bar

As an initial matter, while some of Plaintiff's enumerated "disputed" and "material" facts set forth *supra* are legal conclusions or conclusory, others are, indeed, "genuine issues of material fact" that are disputed. Because genuine issues of material fact exist in this action, summary judgment is inappropriate.

### III. Conclusion

As has been discussed, Plaintiff "agrees dismissal of his medical malpractice claims is appropriate." To the extent that Defendants' seek dismissal of the medical malpractice claims against them, the undersigned recommends that those claims be DISMISSED. With regard to the remaining claims against them, the undersigned concludes that genuine issues of material fact exist and that Defendants are not entitled to a judgment as a matter of law. Accordingly, the undersigned recommends that Defendants' Motion for Summary Judgment be DENIED on the remaining claims.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge