IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GRENDA RAY HARMER          )
                           )
v.                         ) NO. 3-11-0985
                           ) JUDGE CAMPBELL
DON CAUDLE, et al.         )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 162) and Objections filed by the Defendants (Docket No. 168). Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, and the file. The Report and Recommendation is adopted and approved in part and rejected in part as explained herein.

Plaintiff's remaining federal claims are against Defendants Butler and McNeil for medical malpractice and for deliberate indifference to his serious medical needs, allegedly amounting to cruel and unusual punishment in violation of the Eighth Amendment. These two Defendants have moved for summary judgment on Plaintiff's claims. Docket No. 110.

The Eighth Amendment forbids prison officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference" toward the inmate's serious medical needs. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). Claims of deliberate indifference to medical needs are difficult to prove. *Rhinehart v. Scutt*, 2013 WL 28095 at * 4 (6th Cir. Jan. 2, 2013).

A constitutional claim for denial of medical care has objective and subjective components. *Blackmore*, 390 F.3d at 895. First, the plaintiff must plead facts which, if true, establish the existence

of a sufficiently serious medical need. Seriousness is measured objectively, in response to contemporary standards of decency. *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012). Second, the plaintiff must demonstrate that the defendants acted with a sufficiently culpable state of mind in denying medical care. *Id*.

Only "deliberate indifference" to serious medical needs will implicate the protections of the Eighth Amendment. *Reilly*, 680 F.3d at 624. Deliberate indifference is characterized by obduracy or wantonness - it cannot be predicated on negligence, inadvertence or good faith error. *Id*. To state a cognizable claim, the plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs - indifference that offends the evolving standards of decency under the Eighth Amendment. *Id*. Neither negligence alone nor a disagreement over the wisdom or correctness of a medical judgment is sufficient for the purposes of a deliberate indifference claim. *Rhinehard* at * 4 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Magistrate Judge held that there were genuine issues of material fact which preclude summary judgment on Plaintiff's deliberate indifference claims. However, even if you take all of Plaintiff's alleged facts to be true, the Plaintiff has not stated a constitutional claim against these Defendants. The record reflects that Plaintiff received an abundance of medical care. He may not have received the most expeditious care or the specific medical treatment he wanted, but Plaintiff has not shown that these Defendants acted with intent or a sufficiently culpable state of mind to constitute deliberate indifference for Eighth Amendment purposes. As stated above, negligence or a disagreement over the wisdom or correctness of a medical judgment is not sufficient for a deliberate indifference claim

Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and approved as to Plaintiff's medical malpractice claim and rejected as to Plaintiff's deliberate indifference claim. The Motion for Summary Judgment of Defendants McNeil and Butler is GRANTED, and this action is DISMISSED. Any other pending Motions are denied as moot, and the Clerk is directed to close the file.

IT IS SO ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE